M. PEREZ COMPANY, Appellant, v. DAVIDSON BROTHERS COMPANY, Appellee.

Conversion: JUDGMENT: CONCLUSIVENESS. Where plaintiff brought suit for the purchase price of a quantity of cigars, and defendant claimed that he was to have credit for unsalable cigars returned and was to hold the same as bailee, but that plaintiff refused to accept those tendered by defendant, a judgment upon a verdict sustaining defendant's contention and allowing him credit for unsalable cigars was conclusive on that subject, in the absence of an appeal, and obligated defendant to return the same when demanded, a failure to do which rendered him liable in conversion.

*Appeal from Polk District Court.*—HON. LAWRENCE DE GRAFF, Judge.

THURSDAY, MAY 14, 1914.

ACTION for conversion of personal property. Judgment for the defendant. Plaintiff appeals.—*Reversed.*

*Dunshee & Haines,* for appellant.

*Graham & Graham,* for appellee.

GAYNOR, J.—The plaintiff is a corporation engaged in the manufacture of tobacco and tobacco products, having its place

of business in the city of New York.  The.defendant is a job-
ber in tobacco, doing business in Des Moines.

On the 4th day of November, 1912, the plaintiff filed its
petition in the district court of Polk county, in which it
alleged that prior to the 5th day of October, 1912, the plaintiff
sold and delivered to the defendant certain cigars at the
agreed wholesale price of $425, which cigars the defendant
was to have the option of returning to the plaintiff, and re-
ceive a credit at the list price thereof, in case the said cigars
should not have been sold by it.  The defendant elected to
return said cigars and take credit upon the amount due from
defendant to the plaintiff for the wholesale price thereof, and
that, in pursuance of said election, it was given credit in the
sum of $425 on its account; that on or about said date the
plaintiff demanded the delivery to it of said cigars, but that
the defendant refused to deliver the same, and then and there
converted the cigars to its own use; that the value of the
cigars so converted, at the time of the conversion, was $425,
and for this plaintiff asked judgment.

The defendant, for answer to said petition, alleged that
heretofore, on the 18th day of October, 1911, the plaintiff
brought an action at law against the defendant in this court
upon the petition in which it is alleged that on the 15th day
of March, 1909, plaintiff and defendant entered into an agree-
ment, in writing, by the terms of which the defendant was
made the sole distributor of a certain brand of cigars, manu-
factured by the plaintiff, for a certain limited territory in
the state of Iowa.  The defendant, by the terms of the con-
tract, agreed to pay plaintiff for all goods ordered within
sixty days from the day of invoice, less a discount of 2 per
cent.  The plaintiff agreed to take back, at list price, any
cigars that might not prove satisfactory to the defendant or
its customers within ninety days from the date of the invoice,
the agreement to be terminated by either party at any time
the same proved unsatisfactory, that the said agreement went
into effect immediately, and continued in full force up to the

3d day of April, 1911, that, under and in accordance with the terms of said contract, defendant ordered, and the plaintiff shipped to defendant, cigars of the agreed price and value of $849.99, and that the purchase price of said shipment became due within sixty days from the date of shipment, and that said goods were shipped during the time said agreement was in full force and effect; and defendant in said petition demanded judgment against the plaintiff for said amount, with interest at 6 per cent.

To the petition so filed, defendant, on the 23d day of May, 1912, filed an amended and substituted answer as follows:

That, during the time between the execution of the written contract and the beginning of the action by the plaintiff, the plaintiff shipped to the defendant a large amount of cigars consisting, in a large part, of sizes and kinds unsalable and undesirable. That, under the terms of the written contract, the defendant, within ninety days from the receipt thereof, notified the plaintiff of its refusal of the same, and of its intention to return the unsalable and undesirable varieties to the plaintiff. That thereupon, and within sixty days from the day of the contract, one R. S. Winter, vice president of the plaintiff company, requested the defendant not to return said cigars, but to hold the same temporarily as bailee, and for the benefit of the plaintiff, in order that the plaintiff might place the goods elsewhere, and the plaintiff thereupon undertook and agreed to place said goods elsewhere within a reasonable time. That, in pursuance of this second agreement, the defendant held said cigars as bailee, and did not return or reship them to the plaintiff, and the said vice president further requested the defendant to take the same course with all other goods, which might be shipped in the future, which proved unsalable and unsatisfactory, and the defendant, as an accommodation to the plaintiff, consented to act as bailee for said goods then on hand, or that might thereafter be shipped, when the same proved unsalable and unsatisfactory. That thereafter the defendant requested the plaintiff to comply with said agreement and make disposition of the unsalable and unsatisfactory cigars then on hand. That the plaintiff refused to comply with its agreement so made by its vice president, and that thereupon defendant

notified plaintiff that it would discontinue handling plaintiff's
cigars.   Thereafter, and on the 18th day of December, 1909,
one Morris Winter, president of the plaintiff corporation, came
to Des Moines and, acting for the plaintiff, entered into a new
oral contract with the defendant in abrogation and substitu-
tion of the contract sued on.   That, by the terms of this last
contract made with Morris Winter, the plaintiff did then and
there ratify the terms and modifications of the written con-
tract, made by the defendant with R. S. Winter, and further
agreed, in consideration of its continuing to purchase goods
from the plaintiff, that they would either take back, at cost,
any goods that might prove unsatisfactory for any reason to
the defendant, or its customers, or make disposition of the
same to others, and that the plaintiff company would, upon
the expiration of the contract, or whenever the defendant
ceased to handle plaintiff's cigars, take back from the defend-
ant all goods on hand at such time, and give defendant credit
therefor, at the invoice price.   That, before the beginning of·
this action, the said contract expired, and the defendant de-
manded that plaintiff take all goods on hand, or make disposi-
tion of the same, as required by the terms of the contract, and
that the defendant be credited with the invoice value thereof,
but that plaintiff utterly refused and failed to carry out this
agreement, or any part thereof, and the defendant now has on
hand, subject to return and credit, at invoice prices, under
the terms of the contract, more than $1,100 worth of cigars,
and the defendant states that it still holds the same subject to
the order and disposition of the plaintiff, and that it denies
any property or interest therein as stated, and defendant
demands and claims a credit, against the plaintiff therein, in
the amount of $1,065, under the terms and conditions of said
contract.

To the answer so filed by the defendant in this original
case, the plaintiff filed the following reply:

'Plaintiff denies each and every allegation of defendant's
answer.'   Plaintiff, further answering, says that thereafter,
on the 8th day of June, 1912, the issues being thus joined be-
tween the parties, the cause known as No. 20,793 proceeded to
trial before the court and jury, upon the testimony of wit-

nesses produced and sworn upon the part of plaintiff and defendant.

At the conclusion of the trial, the cause was submitted to the jury by the court in the following language:

'The plaintiff, for cause of action, states that it is a corporation organized under the laws of the state of New York; that the defendant is a corporation organized under the laws of the state of Iowa. States: That on the 15th day of March, 1909, the plaintiff and the defendant made and entered into an agreement in writing, known as Exhibit A, introduced in evidence in this case. That the said agreement Exhibit A went into effect immediately, and continued in full force and effect until the 3d day of May, 1911. That, under and in accordance with the terms of said contract and agreement, the defendant ordered, and plaintiff shipped to the defendant, cigars of the agreed price and real value of $849.99. That the purchase price of each of the shipments of said cigars became due sixty days after the date of shipment. That no part of the purchase price of said cigars has been paid, and there is now due and owing from the defendant to the plaintiff the sum of $849.99, with interest at 6 per cent. per annum. Wherefore plaintiff asks judgment against the defendant for the sum of $885, with interest at 6 per cent. from the filing of plaintiff's petition, to wit, October 18, 1911, and for costs.

'Defendant, by way of amended and substituted answer to plaintiff's petition, states it admits it is a corporation organized under and by virtue of the laws of Iowa, and that on or about the date set out in plaintiff's petition it executed with plaintiff a written contract sued upon herein. Defendant further states: That, during the time between the execution of said contract and the beginning of this action, plaintiff shipped to defendant a large amount of goods, consisting of cigars, and that said goods consisted in large part of sizes and kinds of unsalable, and undesirable varieties of cigars, and that, under the terms of said written contract, Exhibit A, the defendant, within ninety days from the receipt thereof, notified plaintiff of its refusal of same, and of its intention to return the said unsalable and undesirable varieties of cigars to the plaintiff, and that, thereupon, and within sixty days from the date of said contract, the plaintiff, through one R.

S. Winter, vice president of the plaintiff corporation, specially requested this defendant not to reship or return the said cigars to plaintiff, but to hold the same temporarily, as bailee, for the benefit of plaintiff, in order that plaintiff might place said goods elsewhere, and that plaintiff thereupon undertook and agreed to place said goods elsewhere within a reasonable time. That the defendant did hold said goods as bailee; such consent thereto being given as an accommodation only to the plaintiff. And defendant further states that the vice president of said plaintiff corporation did then and there request defendant to take the same course with all other goods which might be shipped in the future, and which proved unsalable and unsatisfactory, and that the defendant, as an accommodation to said plaintiff, did consent to act as bailee of said goods then on hand, or that might thereafter be shipped to defendant, and which proved unsalable or unsatisfactory, and that the goods so held by this defendant, at the time this action was commenced, were as follows:

| | | |
|---|---|---|
| 3100 Pinzon Club House at | $ 80 | per 1000 |
| 750 Golden Gate at | $ 80 | per 1000 |
| 2750 Majors at | $ 61 | per 1000 |
| 1150 Humidors at | $135 | per 1000 |

'Defendant further states: That about the month of November, 1909, it requested plaintiff to comply with its agreement, as made through its vice president, and give disposition of said unsalable and unsatisfactory goods then on hand, and that plaintiff then and there refused to comply with the agreement made by its said vice president. That thereupon defendant notified plaintiff that it would discontinue handling plaintiff's cigars. That on or about the 18th day of December, 1909, the said defendant corporation entered orally into a new contract with the said plaintiff corporation through Morris Winter, president of the said plaintiff corporation, and that said oral contract was in abrogation and substitution of the contract sued upon herein. That, by the terms of the said oral contract, the said plaintiff corporation did then and there agree in addition to all of the terms of the original contract. That the said plaintiff did ratify, in terms, the modifications of the said original contract made with the defendant by the said R. S. Winter, vice president of the plaintiff corporation, and did further agree, in consideration of the defendant still

continuing the purchase of goods from plaintiff, that they would either take back at cost any goods that might prove unsatisfactory for any reason to defendant or defendant's customers, or make disposition of the same to others, and that the said plaintiff company would, upon the expiration of said contract, or whenever the defendant should cease to handle the said Pinzon brand of cigars, take back from the defendant all goods on hand at said time, and give the defendant credit therefor at invoice price. That thereafter, and before the beginning of this action, the said contract expired, and defendant demanded that plaintiff take back all goods on hand, and make disposition of same, as required by the terms of the said oral contract, and that this defendant be credited with the invoice values thereof, and the plaintiff failed and refused to carry out its agreement, and that defendant now has on hand, subject to return and credit, at invoice price, under the terms of said contract, a large quantity of said cigars, and defendant states that it still holds the same subject to the order and disposition of the plaintiff. That it denies any property or interest therein, and defendant demands and claims a credit, against the plaintiff herein, in the amount and value of said cigars now on hand, under the terms and conditions of the said oral contract. Wherefore defendant demands judgment against the plaintiff in the amount of $1,065, as the amount due it as a credit upon the open account, with the costs of this action.

'Plaintiff, for answer to the counterclaim of the defendant, denies each and every allegation therein contained.

You are instructed as follows:

'(1) It is admitted by the defendant corporation that the goods, wares, and merchandise, consisting of cigars, as set forth in plaintiff's petition, were received by the said defendant corporation, and that the agreed price and real value of said cigars are $849.99. Therefore, if the defendant has failed to prove and establish, by a preponderance of evidence, its counterclaim in any amount, as hereinafter instructed, you will find for the plaintiff in the amount prayed for in its petition.

'(2) The defendant has filed a counterclaim in this action in which it claims there is an amount due it, by reason and

virtue of the failure on the part of the plaintiff to comply with its oral agreement to accept the return and reshipment of certain unsalable and undesirable cigars, and cigars on hand at the termination of the contract, and which the defendant alleges it now has on hand.

'The burden of proof as to the allegations of the defendant's counterclaim rests upon the defendant in this case, and it must prove and establish, by a preponderance of the evidence:

'(1) That there was an oral or parol contract, as alleged by it, between the plaintiff and defendant, which parol contract was a modification and substitution of the terms and conditions of the original contract, Exhibit A.

'(2) That the defendant has now on hand cigars which, under the terms and conditions of the said oral or parol contract, plaintiff has refused to accept on return or reshipment by the defendant.

'(3) That the defendant has been damaged in some amount by reason of the refusal and failure of the said plaintiff to accept the return and reshipment of said cigars.

'If the defendant has so proven, by a preponderance of the evidence, each of the foregoing propositions, then your verdict will be for the defendant on its counterclaim. If the defendant has failed to prove, by the preponderance of the evidence, any one of the foregoing propositions, you will find for the plaintiff on the defendant's counterclaim.

'(4) It is admitted by the parties to this action that the contract known as Exhibit A, and introduced in evidence in this case, was made and entered into by and between plaintiff and defendant herein, and constituted the original agreement between said parties. It is the claim of the defendant that the said written contract was subsequently modified, and that a new oral contract was entered into by and between said parties, relative to the subject-matter of the original contract. That a new oral contract was entered into, as claimed by the defendant, is denied by the plaintiff.

'It is upon the defendant to prove, by a preponderance of the evidence, that a new contract in parol was made and entered into by and between the plaintiff and defendant by their duly and legally authorized agents or officers. And if you find, by a preponderance of the evidence, that certain cigars shipped by the plaintiff to the defendant, under the terms of

the original contract, were unsatisfactory or unsalable, and so claimed by the defendant, and that the plaintiff herein was notified of this fact within the time limit as fixed by the terms of said original contract, and that the defendant held such cigars upon the request of the plaintiff's duly authorized agent, and that, relying upon such promise of the said plaintiff, as claimed by the defendant, the defendant waived its rights, if any, to return said cigars to the said plaintiff, then, as to the cigars in question claimed to be unsalable and unsatisfactory, you will be authorized in finding that a new contract by parol was entered into by and between the said plaintiff and the defendant in this particular. And if you further find, by a preponderance of the evidence, that subsequently thereto the plaintiff, by its duly authorized agent, entered into an oral agreement with the said defendant, in consideration of the defendant continuing to sell the plaintiff's cigars, to take back all cigars on hand when the contract between said parties should terminate, then you would be authorized in finding that a new contract by parol was entered into by and between the said plaintiff and the said defendant. But, if you fail to so find from the evidence in this case as to both claims of the defendant, then you will be authorized in finding that the sale of the cigars in question was covered by the terms and conditions of the written contract Exhibit A.

'In determining whether or not there was an oral or parol contract, as claimed by defendant, you are entitled to take into consideration all that was said, if anything, in relation thereto at the time or times in question, all letters and correspondence between the parties to this action, and all other facts and circumstances as disclosed by the evidence in this case.

'(5) If you find that the defendant has, by a preponderance of the evidence, sustained the allegations of its counterclaim in some amount, you will determine its measure of damages by taking into consideration the invoice price of such cigars as you find the defendant was entitled to return and reship, if any, to the plaintiff, and such value, as shown by the testimony, will measure the recovery of the defendant on its counterclaim, but in no event can it exceed $1,065 in amount, as prayed for in the said counterclaim.

'(6) When you have determined the items that are properly allowable to the plaintiff, as hereinbefore instructed, if any, and the items that are properly allowable to the defend-

ant on its counterclaim, as hereinbefore instructed, if any, you will then subtract the lesser from the greater sum, and the remainder will be the sum which should be allowed the party for whom you find the greater sum. And in the event you find for the plaintiff and the defendant in equal amounts, then your verdict will be for the defendant.'

Defendant, further answering, says: That thereupon the jury, after due deliberation, returned a verdict for the plaintiff for $425, upon which judgment was entered on the 11th day of June, 1912. That thereafter the plaintiff filed a motion for a new trial, alleging that the verdict is contrary to the evidence, and without support in the evidence. That this motion was overruled by the court. From the judgment and ruling, no appeal was ever taken by the plaintiff, and no further action was taken by the plaintiff to review the verdict. That thereafter the defendant paid to the clerk of the court the amount of said judgment, with interest and costs, and the amount so paid was accepted by the plaintiff, and receipt given to the court therefor in due form. That thereafter, on a date which defendant cannot now name, the plaintiff made the following demand of the defendant: 'We want either $425 worth of cigars or $425. I don't know just what cigars; but we want whatever cigars you have that belong to us by reason of the verdict of the jury. You may select the cigars yourself; but we want $425 worth or the money.' That the cigars and money so demanded by the plaintiff were, and were understood by the defendant, to be the same and identical cigars, the purchase price of which was the basis of the action hereinbefore referred to, to wit, Law Action 20,793, which had been tried and concluded as aforesaid, and the same cigars which had been tendered to the plaintiff by the defendant before the action was tried. That, after defendant's refusal to deliver the cigars, plaintiff brought this action to recover $425. And the defendant, further answering, says that the plaintiff, by reason of its refusal of defendant's tender of said cigars before the other action was brought and tried, and its refusal to accept the cigars tendered on the suit, and because of its claim that the defendant had purchased these cigars from the plaintiff, and the same belonged to the defendant, and not to the plaintiff, and because of the matters hereinbefore set out, it is now estopped from claiming any property in said cigars, or any part or parcel thereof, and

cannot now be heard to say that the same were its property, and cannot be heard to say that the cigars were its property, or that it had any interest, right, or title therein, and is now forever estopped from having or asserting any claim in this action based thereon; that all claims of plaintiff now asserted are *res judicata*. Wherefore, the defendant demands judgment for costs.

Before the submission of this cause to the court below, the parties entered into the following stipulation:

It is hereby stipulated by and between the parties to this suit that this cause shall be submitted to the court upon the pleadings only, and all the allegations of fact in the amended and substituted answer shall be taken and treated by the court as though fully established by the evidence, and all allegations of plaintiff's pleadings shall be deemed denied by the defendant, except and unless admitted in said amended and substituted answer, and, if the court shall hold, as a matter of law, that the facts so alleged and established do not constitute a legal defense, the court shall enter judgment in favor of the plaintiff, for the amount of its claim, and, if the court find that the facts so alleged do constitute a legal defense, the court shall enter judgment for the defendant.

Upon this stipulation, the cause was submitted to the court, and judgment was entered for the defendant, dismissing plaintiff's petition, and, from this, the plaintiff appeals.

The theory upon which plaintiff proceeds in this suit, and upon which it predicates its right to recover, is that it was admitted in the original suit that on the 18th day of October, 1911, the defendant was indebted to the plaintiff, for cigars sold and delivered to it, in the sum of $849.99, with accrued interest; that it was claimed by the defendant that it was entitled to have offset against this claim the list price value of certain cigars purchased by it from the plaintiff, and paid for by it to the plaintiff, and which it had a right to return to the plaintiff under its contract; that the jury must therefore have found, under the admissions appearing in the rec-

ord, that the defendant was indebted to the plaintiff, on plaintiff's claim, in the sum of $849.99; that the defendant had on hand cigars purchased from the plaintiff, and paid for, which it had a right to return to the plaintiff, under its contract with the plaintiff, of the value of $425; that, the defendant having contended, and the jury having found, that the defendant had on hand cigars purchased by the defendant from the plaintiff, which it had a right to return under its contract, and having allowed the defendant credit for this amount on plaintiff's claim, the plaintiff thereupon became entitled to the possession of the cigars, thus in the hands of the defendant; that after the trial and verdict, it demanded these cigars of the defendant, and the defendant refused to deliver them to the plaintiff; that this amounted to a conversion of these cigars by the defendant, of the value of $425; and that the plaintiff is now entitled to recover, as for conversion, the value fixed by the jury, or $425.

The plaintiff's pleading in this case is based upon the thought that the plaintiff sold to the defendant, and the defendant received from the plaintiff, cigars to the value of $849.99; that, of this amount, the defendant has paid to the plaintiff $425 only; that this was paid to the plaintiff, by the defendant, in that defendant received credit on plaintiff's claim for certain cigars purchased by the defendant from the plaintiff, and then in the possession of the defendant, which the defendant had a right to return to the plaintiff, and the plaintiff was bound to receive to the value of $425; that, the defendant having received credit on plaintiff's claim, by the verdict of the jury, for the amount of these cigars so held by the defendant, the cigars became the property of the plaintiff, and, the plaintiff having demanded possession of them, and the defendant having refused to deliver them to the plaintiff, the plaintiff is entitled to judgment for their value, as for conversion.

If this is a correct interpretation of the record, and if we can say, affirmatively, from the record that this was the

condition at the time this action was commenced, then, clearly, plaintiff would be entitled to recover the amount claimed by it.

Now what does the record disclose, and what did the jury find?

Under the issues, tendered by the defendant in the former suit, and under the instructions given by the court to the jury upon the issues, the following propositions were presented, submitted, and determined:

(1) That, after making the original contract, the plaintiff, through its vice president or president, made a modification of the contract, by the terms of which it was agreed that the defendant should hold all cigars that were not satisfactory, or were unsalable, which it had, or might purchase from the plaintiff, as bailee for the plaintiff, and that, upon the termination of the contract, the plaintiff would take these cigars from the defendant and give defendant credit upon its account for the cigars at the list price.

(2) That the defendant had, at the time the original action was commenced, a certain amount of cigars which, under the contract, it had a right to return to the plaintiff, and the plaintiff was bound to receive from the defendant. That the defendant was entitled to credit for the amount of the cigars, and that the plaintiff was, under the contract, under obligations to give it credit for the cigars on hand.

(3) That the defendant had, at the time the action was tried, $425 worth of cigars at invoice price, which it had purchased from the plaintiff, and held as bailee for the plaintiff, and was therefore entitled to credit on its account with the plaintiff therefor.

(4) That the claim sued on by the plaintiff was just and true, and plaintiff was entitled to the full amount of its claim, less such sum as would represent the list value of cigars which the defendant had purchased from the plaintiff, and, under the contract, held for plaintiff as bailee, with a right to return and have credit on the account.

(5) The court told the jury that they should return a verdict for the plaintiff for the full amount, unless the defendant established that it had cigars on hand which it held as bailee for the plaintiff, and which it had a right to return; that, if the defendant established, by a preponderance of the evidence, the contracts relied on, and that it had cigars on hand which it had a right to return to the plaintiff and receive credit, then they should allow defendant a credit upon plaintiff's claim, for the value of those cigars, at list price, as against the plaintiff's claim.

(6) The jury must have found for the defendant on its contention, and that it had on hand $425 worth of cigars, which it had a right to return to the plaintiff, and receive credit upon its account therefor. The jury thereupon must have found that the cigars on hand, which it had a right to return, and the plaintiff was in duty bound to accept, amounted to $425, and accordingly brought in a verdict for the plaintiff for the difference.

We must assume that the evidence corresponded with the allegations made, and was confined to the point at issue. We must assume that the jury followed the instructions of the court. We must assume that there was evidence justifying the verdict. We must assume, therefore, from the record and the verdict, that, at the time this case was tried, defendant had on hand $425 worth of cigars, at list price, which it had a right to return to the plaintiff, and receive credit on its account; that it did receive credit on its account for this amount. Clearly, then, the plaintiff became entitled to these cigars. The verdict was binding upon both parties. The verdict precluded both parties as to the existence of the facts in controversy.

It is true plaintiff denied defendant's right to return, denied the modified contracts; but the defendant prevailed, and the verdict of the jury is a verity as to the fact then in controversy between the parties, and is binding and conclusive

upon the parties, the judgment thereon not being appealed from.

We see no escape from the conclusion that the record affirmatively shows that the defendant contended, and the jury found, that the defendant had on hand, at the time this suit was prosecuted, cigars which it held as bailee for the plaintiff, under the modified contract, and which it had a right to return to the plaintiff, and the plaintiff was bound to receive, to the amount of $425, at list price; that, upon the admitted claim of the plaintiff, the jury allowed the defendant a credit for this amount upon plaintiff's claim. The plaintiff, after the verdict, having demanded these cigars of the defendant, the defendant was not in a position to deny the plaintiff's right to receive the same. It is admitted in this record that, if plaintiff is entitled to recover for the cigars held by the defendant as bailee for the plaintiff, the plaintiff's recovery must be the sum claimed.

It is true that, in the pleading filed by the defendant in the original suit, it alleged that it had sustained damages by breach of warranty and guaranty on the part of the plaintiff touching the cigars purchased. This question, however, was not submitted to the jury, and we understand, from the record, that the defendant offered no evidence tending to support this contention.

The verdict and judgment fixed the amount of defendant's cash liability to the plaintiff in the original suit, and the same verdict and the same judgment fixed and established, to a mathematical certainty, that the plaintiff was obliged to receive, for the balance of its claim, certain cigars, at a stipulated price; that the price of the cigars held by the defendant was, by that verdict, fixed at $425; that the plaintiff demanded these cigars, which it was obliged to receive, and the defendant refused to deliver them. Therefore the defendant has converted these cigars to its own use, to the damage of the plaintiff in the amount claimed.

This case presents this question: A. sells to B. a quantity of cigars, at list price, amounting to $500. A. sues B. for the amount due for the cigars. B. admits that he purchased the cigars, and that there would be that amount due, if it were not for the fact that, after the delivery of the cigars to B., A. and B. entered into a contract, by the terms of which A. agreed to take these cigars back and give B. credit for the same at cost. B. had the cigars on hand ready for delivery to A., in accordance with the contract, and B. was therefore entitled to credit on his account for the cost price of the cigars. Upon this issue, the cause being tried to a jury, the jury returns a verdict for B. The jury, therefore, finds that B.'s contention is true; that he has these cigars on hand, with a right to return them, and therefore gives B. credit, and returns a verdict against A. A. thereafter demands the cigars. B. refuses to deliver them, or to recognize A.'s right to them. B. converts the cigars to his own use. What is A.'s remedy? Action to recover the value of the cigars so converted.

We think, therefore, under the record, plaintiff's motion for judgment upon the record should have been sustained, and that the court erred in dismissing plaintiff's petition, and giving judgment for the defendant.

The cause is therefore—*Reversed.*

LADD, C. J., and DEEMER and WITHROW, JJ., concur.